UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **JENNIFER CABANA,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. |
| **ADVANTAGE HOME CARE, LLC,** | ) ) ) |
| Defendant. | ) ) |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Jennifer Cabana, by and through the undersigned counsel, hereby complains against Defendant Advantage Home Care, LLC as follows:

### INTRODUCTION

1. This case arises under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Maine Human Rights Act ("MHRA"), 5 M.R.S. § 4571 *et seq*.

2. This case challenges the Defendant's unlawful disability discrimination against Plaintiff in violation of the ADA and the MHRA.

### THE PARTIES

3. Plaintiff Jennifer Cabana ("Ms. Cabana") is an individual residing in the Town of Waterville, County of Kennebec, and State of Maine.

4. Defendant Advantage Home Care, LLC ("Advantage") is a Maine for-profit limited liability company duly authorized to do business in the State of Maine, operating non-medical home care services for the elderly.

1

5. Advantage operates from Biddeford to Freeport with an office located in Portland, Maine.

6. Advantage has approximately 50 employees.

## JURISDICTION AND VENUE

7. Prior to filing this Complaint, Ms. Cabana filed a charge of discrimination with the MHRC and the EEOC. Plaintiff received a notice of right to sue letter pursuant to 5 M.R.S.A. § 4612, sub-§6 and 4622, sub-§1, ¶C, on or about December 30, 2020.

8. Venue is proper in this Court because all of the discriminatory practices alleged herein occurred in Cumberland County.

9. The Court has federal question subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

## BACKGROUND FACTS

10. On April 25, 2019, Ms. Cabana began working for Advantage as an overnight caregiver.

11. Ms. Cabana believes she performed her caregiver duties satisfactorily.

12. Ms. Cabana was diagnosed with epilepsy in 1980.

13. For many years, Ms. Cabana's epilepsy symptoms were controlled with medication and, in 2019, she had not recently suffered from any seizures.

14. On August 1, 2019, Ms. Cabana suffered from an epileptic seizure while driving her vehicle. She was in a major car accident and transported to the hospital via ambulance.

15. As a result of the seizure, Ms. Cabana experienced severe confusion and cognitive and emotional symptoms, such as fear and anxiety.

16. Ms. Cabana reported to work that she was having car troubles.

17. Ms. Cabana missed a shift at work due to the seizure.

18. Ms. Cabana attempted to work her next scheduled shift. However, upon driving to the customer's home, she became disoriented and was unable to find her way. Ms. Cabana called her employer to say she was five minutes away, but it took her nearly an hour to arrive. This disorientation was a result of the epileptic seizure she suffered days earlier.

19. The following day, Ms. Cabana met with her manager. During this meeting, Ms. Cabana revealed to her manager that she recently suffered an epileptic seizure, which was causing the recent issues with her job performance.

20. The manager told Ms. Cabana they never would have hired her if they knew beforehand that she had epilepsy.

21. Advantage told Ms. Cabana her employment was terminated because one month earlier a customer reported that she had fallen asleep.

22. Ms. Cabana denied falling asleep on the job.

23. Prior to reporting her disability to her employer, Ms. Cabana was never told there was an issue with her performance.

24. Ms. Cabana believes the true reason for her termination was due to her medical condition.

25. Advantage discriminated against Ms. Cabana when it discharged her from employment as of August 8, 2019.

26. Advantage unlawfully discriminated against Ms. Cabana with reckless indifference to her state and federally protected rights.

27. Advantage's conduct amounted to a willful and knowing violation of Ms. Cabana's state and federally protected rights.

### COUNT I – DISABILITY DISCRIMINATION
### UNDER THE ADA
### (42 U.S.C. § 12101 *et seq.*)

28. Plaintiff repeats the allegations contained in Paragraphs 1 through 27 of her Complaint as if fully set forth herein.

29. At all times herein relevant, Ms. Cabana was a qualified individual with a disability within the meaning of the ADA.

30. Advantage engaged in unlawful disability discrimination against Ms. Cabana in violation of the ADA.

31. Advantage's stated reasons for terminating Ms. Cabana was really pretext for disability discrimination.

32. Advantage regarded Ms. Cabana as being disabled.

33. As a result of Advantage's discriminatory actions, Ms. Cabana has suffered and is entitled to damages, including but not limited to: lost wages and benefits, front pay, compensatory damages including emotional pain and suffering and lost enjoyment of life, attorney's fees, costs and expenses.

WHEREFORE, Plaintiff Jennifer Cabana requests that the Court award her damages in the form of lost back pay, front pay, compensatory damages, liquidated damages, punitive damages, attorney's fees, costs and expenses, equitable and injunctive relief, and all other relief afforded to her by law.

### COUNT II – VIOLATION OF THE MHRA
### (5 M.R.S. § 4571 *et seq.*)

34. Plaintiff repeats the allegations contained in Paragraphs 1 through 33 of her Complaint as if fully stated herein.

35.   For all of the reasons set forth in Count I above, unlawful disability discrimination has occurred within the meaning of the Maine Human Rights Act.

WHEREFORE, Plaintiff Jennifer Cabana requests that the Court award her statutory, compensatory, economic, liquidated, and punitive damages, attorney's fees, costs, and expenses, equitable and injunctive relief, and all other relief afforded to her by law.

## JURY TRIAL DEMAND

Plaintiff Jennifer Cabana hereby demands a jury trial on all matters so triable under the laws and Constitution of the United States and the State of Maine.

Respectfully submitted,

Dated:  March 30, 2021                              /s/ Laura H. White

---

Laura H. White, Bar No. 4025
*Attorney for Plaintiff*
WHITE & QUINLAN, LLC
62 Portland Rd., Suite 21
Kennebunk, ME 04043
(207) 502-7484
lwhite@whiteandquinlan.com

/s/ Danielle Quinlan

---

Danielle Quinlan, Bar No. 5480
*Attorney for Plaintiff*
WHITE & QUINLAN, LLC
62 Portland Rd., Suite 21
Kennebunk, ME 04043
(207) 502-7484
dquinlan@whiteandquinlan.com